1
2
3
4
5
6
7
8
9

JS-6

10        **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA**

12

| 13 | URBAN ARMOR GEAR, LLC, a California Limited Liability Company, | Case No.: CV13-05805 RSWL (AGRx) |
|----|----|----|

URBAN ARMOR GEAR, LLC, a
California Limited Liability Company,

        Plaintiff,

    v.

BABATUNDE K. YUSUF, an
Individual d/b/a COMPMINT, and
DOES 1-10, Inclusive,

        Defendants.

Case No.: CV13-05805 RSWL (AGRx)

**PERMANENT
INJUNCTION AGAINST
DEFENDANT BABATUNDE K.
YUSUF D/B/A COMPMINT AND
DISMISSAL, WITHOUT
PREJUDICE**

Hon. Ronald S. W. Lew

        The Court, pursuant to the Stipulation For Entry of Permanent Injunction ("Stipulation"), between URBAN ARMOR GEAR, LLC, a California Limited Liability Company (hereinafter "Plaintiff"), on the one hand, and BABATUNDE K. YUSUF (hereinafter "Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant as follows:

/ / /

1.   **PERMANENT INJUNCTION.**  Defendant and any person or entity acting in concert with, or at his direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116 and 35 *U.S.C.* §283, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a.   importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's Trademarks and Patents, and/or any Intellectual Property, including its URBAN ARMOR GEAR® word and design marks, its UAG® word and design marks, and its design patents that are confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Patents, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b.   performing or allowing others employed by or representing Defendant, or under his control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Patents, including its URBAN ARMOR GEAR® word and design marks, its UAG® word and design marks, its design patents, and/or Plaintiff's business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiff or its products;

c.   engaging in any acts of federal trademark infringement, false designation of origin/false or misleading advertising, unfair business practices, unfair competition, federal patent infringement, or any other act which would tend

damage or injure Plaintiff; and/or

        d.    using any Internet domain name or website that includes any of Plaintiff's Trademarks and Patents, including its URBAN ARMOR GEAR® word and design marks, its UAG® word and design marks, and/or its design patents.

2.    Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit URBAN ARMOR GEAR® products and related products, labels, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing, utilizing, comprised of, and/or embodying any of Plaintiff's Trademarks and Patents or other intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendant's possession, custody, or control.

3.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4.    Defendant will be making an agreed-upon payment to Plaintiff, as more particularly described in a separate confidential settlement agreement.

5.    **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

6.    **NO FEES AND COSTS.**  Each party shall bear its/his own attorneys' fees and costs incurred in this matter.

/ / /

/ / /

/ / /

1    7.    **<u>DISMISSAL OF THE ACTION.</u>**  The Court hereby dismisses the

2    action as to Defendant in its entirety, without prejudice, upon entry of this

3    Permanent Injunction against Defendant.

4

5    IT IS SO ORDERED, ADJUDICATED and DECREED this 23rd day of
September, 2013.

6

7    RONALD S.W. LEW
_____

8    HON. RONALD S. W. LEW
United States District Judge

9    Central District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] PERMANENT INJUNCTION**